THOMAS DEEGAN AND WIFE v. MORROW.

1. The act of 24th March, 1862, which provides for the recovery against husband and wife of a debt remaining unsatisfied, contracted by the wife, applies only to debts contracted by her after the passing of the act.
2. The object of the law is not very clearly expressed by the title, but it is single and for one purpose only, and is not within the provision of the 7th section, 4th article of the constitution.

---

On *certiorari* to the Hudson Pleas.

For the plaintiff, *R. D. McClelland.*

HAINES, J. The writ brings up a judgment of the Court of Common Pleas of Hudson, in a suit wherein the plaintiff below, under the act of 24th March, 1862, seeks to recover against the husband and wife a debt remaining unsatisfied for goods purchased by the wife.

The first reason for reversal is, that the declaration does not

show why the wife is joined. The averment is very explicit in stating that the demand is for goods sold and delivered by the plaintiff to the defendant, Lorenstine Deegan, wife of the said Thomas Deegan, at her request, and it meets the terms of the act which provides, that in all cases where a married woman transacts any business or purchases any property, and debts or claims thereby remain unsatisfied, that it shall be lawful for the person holding any such debt or claim to institute a suit for the recovery of the same against the husband and wife, or against the survivor of them; and that the judgment shall bind the property held by the married woman.

The averment is that the wife purchased property and that a debt remained thereby unsatisfied, and it is good at least in the court for the trial of small causes.

The second reason is, that the declaration does not show that she transacted business.

The statute provides for two contingencies, in either one of which this right and form of action accrues. One is if the woman transacts any business, the other if she purchases any property.

Here it is averred that she purchased property and that a debt thereby remained unsatisfied.

This is sufficient and the reason is not well assigned.

Another reason for reversal is, that the act is unconstitutional because the title embraces two distinct subjects, and so is in violation of the fourth paragraph of the seventh section of the fourth article of the constitution. That paragraph expressly provides against the improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, by requiring that "every law shall embrace but one object, and that shall be expressed in the title."

The subject embraced by this law is not very clearly expressed in the title, but it is single and for one purpose only, viz., to facilitate the collection of claims by preventing the fraudulent transfer of property. It simply renders the pro-

perty held by a married woman, liable for the payment of any debt or claim remaining unsatisfied, from business she may transact or property she may purchase.

Another reason is, that the account for which the action was brought and for which judgment was recovered, contained many items for goods sold before the passage of the act. The act was approved and became a law and took effect on the 24th March, 1862. The account commenced in May, 1861, and three fourths of it was made before the passage, of the act.

Unless the act is retrospective the judgment is for a greater sum than the plaintiff had a right in this suit to recover.

It is well settled that the legislature may pass an act retrospective in its operation, provided it is not *ex post facto* or does not impair the obligation of contracts, or deprive a party of any remedy for enforcing a contract which existed when the contract was made.

It is equally well settled that no law will receive a retroactive construction unless such intention of the legislature appear clearly by its terms or by necessary implication.

In scrutinizing the terms of this act, I have failed to see any indication of an intention of the legislature to apply it to past transactions. The act does not appear to have been very artistically drawn, nor its meaning very happily expressed. But one thing is clear, the operative words of the act are in the present and not the past tense. It is, " if any married woman transacts any business or purchases any property." This surely cannot have reference to past transactions. The legislature cannot be supposed to have meant to give to a creditor a remedy which did not exist when the debt was contracted or the obligation incurred.

If, in consideration of the moral obligation to pay such debt, it had been intended to provide a new remedy for it, the legislature would unquestionably have done so in express terms. The act must be held to relate to business transacted and debts incurred after its passage, and not before.

It was urged on the argument that there was evidence

that the defendants had each of them promised to pay the debt after it had accrued, and that such promise is sufficient to render the defendants liable.

But the objection is to the declaration and not to the proof. The declaration is based upon the statute, with the intent to reach the wife's property, and avers only the purchase of the property by the wife, and that a debt thereby remains unsatisfied.

There is no averment of any promise to which the evidence is applicable. A special promise by the husband would not sustain an action under this statute, nor would it, without the statute, enable the plaintiff to reach the wife's property. A promise made by the wife, even if it would bind her at all, would not meet the condition of the act, which is the purchase of property by the wife and a debt thereby remaining due.

The declaration is defective, and we feel reluctantly constrained to say, that the judgment must be reversed.

OGDEN and VREDENBURGH, Justices, concurred.

CITED in *State, Alden, pros.,* v. *Newark,* 11 *Vroom* 97 ; *Eckert* v. *Reuter, et ux.,* 4 *Vroom* 270.